BARNEY RILEY v. THE STATE.

No. 7724. Decided June 6, 1923.

Rehearing denied October 31, 1923.

1.—Murder—Statement of Facts.

Where the alleged statement of facts is without the approval of the trial judge, the same cannot be considered on appeal.

2.—Same—Continuance—Practice on Appeal.

Where the absent testimony was considered by the trial judge not probably true, and would have produced no different result and the motion for new trial was not supported by affidavit of the absent witness, there was no error in overruling same.

3.—Same—Statement of Facts—Bills of Exception—Practice on Appeal.

In the absence of a statement of facts, the importance or the relevancy of the evidence which was before the trial court at the time he made the rulings overruling the motion for new trial cannot be valued, and the judgment must be affirmed.

4.—Same—Rehearing—Statement of Facts—Practice on Appeal.

If the attorney for the appellant sees fit to make of any one else his agent for the purpose of obtaining the approval of a paper that should be filed within a certain time as fixed by law, and there is a failure to have the same so filed, this court cannot hold the same as an excuse and direct that the paper be now considered.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of murder; penalty, imprisonment in the penitentiary for twenty-five years.

The opinion states the case.

*Fred L. Perkins,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* for the State.

MORROW, PRESIDING JUDGE.—The conviction is for murder; punishment fixed at confinement in the penitentiary for a period of twenty-five years.

The document found in the record denominated a statement of facts is without the approval of the trial judge. Authentication of the statement of facts by the judge who presides at the trial is essential to authorize its consideration on appeal. The statute requires this and many cases in point are found in Vernon's Texas Crim. Stat., Vol. 2, page 819, note 22.

There are several bills of exceptions, one of which relates to the overruling of the second application for a continuance. The others relate to the ruling of the court upon the admission of evidence.

As qualified by the trial judge, the bill of exceptions complaining of the refusal to continue the case reveals no error. It relates to absent testimony, which in the opinion of the trial judge, was not probably true and would have produced no different results. The motion for new trial is not supported by the affidavit of the absent witness, and the court in overruling the motion, was within its discretion. Moreover, the law contemplates that an application for a continuance and the action of the court thereon shall be appraised in the light of the evidence adduced upon the trial. There being no evidence upon this appeal, it is obviously impossible for this court to weight it, and in this condition of the record, the presumption prevails that in exercising his discretion in overruling the motion, the trial judge was guilty of no abuse. See Vernon's Tex. Crim. Stat., Vol. 2, p. 319, note 34, and cases collated.

In the absence of a statement of facts, the complaint in the bills of exception to the ruling of the court in the admission of evidence cannot be valued. Their relevancy and materiality would obviously depend upon the facts adduced upon the trial. The presumption is in favor of the correctness of the ruling of the court. See Vernon's Texas Crim. Stat., pages 889, 897, 892 and 893; also Johnson v. State, 14 Texas Crim. App., 310; English v. State, 4 Texas 125. This presumption will prevail unless by the record it is overcome. The bills of exception of themselves do not show that the rulings made by the court were erroneous. In the absence of the statement of facts, we cannot measure the importance of or the relevancy of the evidence which was before the trial court at the time he made the rulings and overruled the motion for new trial.

The record presents no error. The judgment is therefore affirmed.

*Affirmed.*

ON REHEARING.

October 31, 1923.

LATTIMORE, JUDGE.—We have carefully examined the voluminous motion for rehearing filed by appellant herein and regret that this court is not permitted to give effect to the statements therein of the reasons why the statement of facts was not filed within time. If the attorney for the appellant sees fit to make of anyone else his agent for the purpose of obtaining the approval of a paper that should be filed within a certain time as fixed by law, and there is a failure to have the same so filed ,we cannot hold this an excuse

and direct that the paper be now considered. To so hold would entirely abolish those rules of procedure fixed by our statutes for an orderly preparation and conduct of trials until they are finally disposed of in appellate courts. We must decline to consider the statement of facts herein, and it follows that appellant's motion for rehearing, based on our failure to consider it presenting certain reasons as excuses for failure to file same, must be overruled.

*Overruled.*