SHIRLEY HOWARD V. THE STATE.

No. 23101. Delivered April 11, 1945.

The opinion states the case.

*William L. Kerr* and *Robert W. Hamilton,* both of Midland, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for murder, punishment assessed at 10 years in the penitentiary.

This case was before the court at a former time. The opinion upon that appeal will be found reported in 178 S. W. (2d) 691. After the reversal the venue was changed from Midland County to Ector County, where the present trial was had with the result as indicated. The facts developed upon the instant trial were substantially the same as upon the first trial. They were set out in our former opinion to which reference is made, and will not be repeated here, save as may be necessary to discuss some of the questions brought forward in the record now before us.

Appellant was delivering ice for the company by which he was employed. Some thirty minutes before the killing he had bumped his truck into the car in which deceased (Mr. Whittenton) and his wife were driving. They drove to the ice plant to report the conduct of appellant and were at the plant when appellant drove up. Bills of exception numbers one, two, four and five complain that the trial court admitted over objection certain hearsay evidence, and upon motion of appellant declined to strike out certain hearsay evidence which had gone before the jury without objection.

The witness Jackson testified without objection that when deceased came to the ice plant he told witness about appellant having bumped into deceased's car a few minutes before, and asked what was wrong with appellant. Later another witness named Wims testified to practically the same facts. Appellant objected to Wims' testimony on the ground that it was hearsay. The court overruled the objection because Jackson had previously testified to the same facts without objection. Appellant then moved the court to withdraw Jackson's testimony upon the point mentioned, which the court declined to do.

The conversation with Jackson and Wims occurred a few minutes before appellant drove up to the ice plant.

It occurs to us that the bills are without merit, or at least, that they present no such error as calls for a reversal of the judgment. That appellant did drive his truck against deceased's automobile a short time before the killing was an undisputed fact. The widow of deceased testified that appellant twice "bumped" the car in which she and her husband were driving. Appellant himself—as pointed out by the court in the qualifica-

tion to the bills—while testifying in his own behalf admitted that he "bumped" with his truck into the Whittenton car. His testimony was to the effect that he had no recollection of "bumping" it but one time. However, we observe in one place in his evidence on direct examination the following suggestive expression. "I had the gun with me at the time I bumped the Whittenton car the *first* time."

Under the circumstances stated even if the court was in error in regard to the matter complained of it was not of such nature as demands a reversal.

A number of objections were made to the court's instructions to the jury. An examination of the charge and the objections leads to the conclusion that the charge must have been amended to meet the objections as many of the matters complained of do not now appear in the charge.

After a proper charge on insanity the court told the jury if they found appellant was insane at the time he killed deceased: "You will acquit the defendant and say by your verdict 'not guilty, on the ground of insanity'." Appellant's objection to the instruction with reference to the form of the verdict above indicated was that such form was not required where the insanity was only temporary, but applied only as to "general" insanity as distinguished from partial or temporary insanity. Art. 700 C. C. P. reads as follows:

"When the defendant is acquitted on the grounds of insanity the jury shall so state in their verdict."

This article has never been repealed. In the Acts of the 45th Legislature, page 1172, in Pocket Part, Vernon's C. C. P., Vol. 3, as Art. 932a the same provision as in Art. 700 C. C. P. finds expression as follows:

"When the defense on the trial of the main charge is the insanity of the defendant the jury shall be instructed, if they acquit him on that ground, to state that fact with their verdict, * * *" We find in the statute no such distinction as claimed by appellant between settled or general insanity and partial or temporary insanity as it relates to the verdict of the jury. Appellant predicates his position on an expression in the opinion in Chapman v. State, 136 Tex. Cr. R. 285, 124 S. W. (2d) 112, to the effect that:

"It was only necessary to make a specific finding in case they

found him to be insane at the time of the trial and not otherwise."

If the language quoted should be given the effect suggested by appellant it would be tantamount to ignoring the plain provision of the statutes quoted. In Chapman's case, after pleading to the indictment before a jury accused there sought to have the court give him a separate trial on the question of his sanity. This the court refused to do, but submitted to the jury both the issue of his sanity at the time of trial and also insanity at the time of the commission of the offense as a defense thereto, directing the proper verdicts under either finding. It was under the circumstances stated that the rather broad and misleading language was used in the opinion which appellant now relies upon.

Finding no errors upon which a reversal may properly be predicated, the judgment is affirmed.