VIRGIL B. AMOS V. STATE.

No. 25060. January 17, 1951.
Rehearing Denied March 14, 1951.

*J. O. Duncan* and *F. L. Garrison*, Gilmer, for appellant.

*R. L. Whitehead*, Criminal District Attorney, Longview, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was charged by indictment with the offense of driving a motor vehicle on a public highway in Gregg County on the 9th day of April, 1949, while intoxicated. It is also alleged that this was a second offense, he having been, prior thereto and on the 24th day of March, 1947, convicted in the County Court of Upshur County, on a charge of driving on a public highway while intoxicated. The conviction in this case was for a felony, with a sentence of one year in the penitentiary.

There is no dispute in the evidence that appellant drove a motor vehicle on Highway No. 271 in Gregg County, as alleged, while intoxicated. The only bill of exception in the record complains of the introduction of the record of the former conviction in the Upshur County Court. In qualifying the bill the trial judge says that the only objection to the introduction of this record was because the party on trial had not been given three days' notice that the same would be offered in evidence in his trial in this cause.

The indictment alleged the former conviction and appellant could foresee that a certified copy of the record or the records themselves would be offered in evidence to sustain the charge. It is not required that notice be given of intention to introduce in evidence the records of a court or certified copy thereof for any period of time prior to the trial. See Branch's Ann. P.C., page 66, Sec. 110 to 113.

At about the same time that the complaint was filed in the instant case appellant was also charged in Upshur County with driving on a public highway while intoxicated. This was approximately a year prior to the trial in Gregg County. It is inconceivable that a paper filed in one court may, under the circumstances of this case, have the force to defeat the jurisdiction of another court in a different county to hear and determine a complaint charging a different offense. Furthermore, if there had been any question about that, such a complaint could not be lodged and remain in the courts of another county to continually defeat the right of the court of Gregg County to try the defendant under a charge properly lodged against him. Ap-

pellant has cited no authorities sustaining his position and we have found none.

We find no other question requiring discussion and there being no reversible error apparent in the record, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

It is contended that in our original opinion we failed to pass upon the contention that the trial court erred in not disposing of the question of appellant's alleged insanity at the time of the trial in a separate trial prior to the trial on the charge contained in the indictment.

Upon the filing of an affidavit that a person accused of crime is presently insane, it is error for the trial court to refuse a request for a separate trial on such issue. See Art. 34, Vernon's Ann. P.C., and authorities cited under Note 9 thereunder.

We find no such affidavit and no such request in this record.

We are directed to the allegations of appellant's motion for continuance wherein it is alleged that an affidavit had been filed several months before the trial alleging that appellant was insane.

In Chapman v. State, 136 Tex. Cr. R. 285, 124 S.W. 2d 112, we held that the request for a separate trial on the issue raised by the filing of an affidavit of present insanity must be made before announcing ready for trial on the issue of guilt.

In the absence of a bill of exception showing that an affidavit of present insanity of the accused had been filed, accompanied by a request for a separate trial on such issue, and that such separate trial had been denied, reversible error is not presented.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.