EX PARTE GEORGE WALLACE HODGES.

No. 29,927. June 25, 1958.

434

*Harris F. Lofthus* and *George S. McCarthy*, (on appeal), Amarillo, for appellant.

*Wayne Bagley*, District Attorney, *Carlton B. Dodson*, Assistant District Attorney, Amarillo, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

On February 5, 1958, George Wallace Hodges was indicted for the murder of Jimmie Louise Gibson, his aunt. The indictment was returned in 47th District Court of Potter County. The offense was alleged to have been committed on or about January 21, 1958.

Being unable to employ counsel, Hon. Harris E. Lofthus, of the Amarillo Bar, was on February 12, 1958, appointed by the court to represent Hodges in the defense of the case against him.

On March 11, 1958, Hodges, by his court-appointed counsel, filed motion for a special venire alleging that he expected to be ready for trial and moved that a venire be ordered to appear on April 14, 1958.

It was so ordered by the court on March 18, 1958.

When the case was called for trial the district attorney produced an affidavit made before him by Lawrence E. Gibson, the husband of the deceased Jimmie Louise Gibson, and Mrs. Jimmie B. Stephens, appellant's sister, stating that George· Wallace Hodges "is a person of unsound mind at this time and was a' person of unsound mind at the time of the alleged commission of the offense charged against him (January. 21, 1958)." Both affiants were witnesses for the state in the murder trial.

Appellant's counsel vainly protested the impaneling of a jury to pass only upon the issue of his sanity; stated that he had announced ready for trial on the indictment for murder without raising the question of insanity and was not raising such question in his defense or in bar of prosecution. He called attention to the fact that the defendant was presumed to be sane; that the burden of proof on the issue of insanity was on the defendant; that he did not intend to present any evidence to prove insanity and would object to any evidence being offered in an attempt to prove that Hodges was insane.

Counsel for appellant also directed attention to the fact that the affidavit was not sufficient to raise an issue of legal insanity such as would bar trial or constitute a defense.

Notwithstanding these matters, an order was entered transferring the case from the 47th District Court to the 108th District Court "for trial of issue of sanity or insanity" and a jury was impaneled in the 108th District Court of Potter County to try the insanity issues.

When counsel for defendant Hodges declined to offer any testimony the court, over objection, permitted the district attorney to offer the testimony of Dr. Reid, a psychiatrist. Dr. Reid expressed the opinion from his examination of Hodges and of his Navy medical records, that he was on January 21, 1958, and at the time of the trial, mentally ill; was of unsound mind and was suffering from schizophrenia, a serious mental illness, unclassified or paranoid type. No question was prepounded to Dr. Reid concerning the defendant's competency to make a rational defense or to know that it was wrong to commit murder.

Having heard Dr. Reid's testimony, the jury, being charged on the right and wrong test for determining legal insanity, answered the two issues submitted to them and found that Hodges was insane on April 16, 1958, but that he was not insane on January 21, 1958.

Upon these findings, George Wallace Hodges was ordered committed to a Texas Mental Hospital.

Recognizing that no right of appeal lies from a judgment entered upon a preliminary trial on the insanity issue, application for writ of habeas corpus was presented and writ was issued by Judge E. C. Nelson, who presided at the insanity trial.

The application being heard and the evidence and proceedings before him being taken into consideration, Judge Nelson ordered the application be dismissed, and that George Wallace Hodges be remanded to custody.

This is an appeal from the order remanding appellant George Wallace Hodges to custody to be committed to a State Mental Hospital.

We are aware of no precedent for the consideration by this court of the attack upon the judgment rendered in the preliminary trial, and must hold that unless such proceeding is void the judgment may not be attacked by habeas corpus. To hold otherwise would be equivalent to entertaining an appeal. It is settled that such a judgment is not appealable. Boehme v. State, 159 Texas Cr. Rep. 358, 264 S.W. 2d 118.

It appears to be the state's position that Acts of the 55th Legislature, p. 1413, Ch. 486 (including present Art. 932(b) V.A.C.C.P.), which became effective January 1, 1958, changed the law as it had previously existed and not only permits but makes it the duty of the district attorney and the court to conduct a preliminary trial on the issue of the defendant's insanity when any person makes affidavit that the defendant charged with a criminal offense is a person of unsound mind. We do not so construe the new statute.

Art. 34 P.C. provides in part "No person who becomes insane after he committed an offense shall be tried for the same while in such condition."

It has long been the holding of this court and its predecessors that under this provision of Art. 34 P.C. an accused, upon demand timely made, supported by affidavit, has the right to have a jury impaneled in advance of his trial for the offense to determine whether he is mentally competent to make a rational defense. Guagando v. State, 41 Texas 626; Witty v. State, 69 Texas Cr. Rep. 125, 153 S.W. 1146; Ramirez v. State, 92 Texas Cr. Rep. 235, 241 S.W. 1020; Soderman v. State, 97 Texas Cr. Rep. 23, 260 S.W. 607; Ray v. State, 110 Texas Cr. Rep. 31, 7 S.W. 2d 93; Pickett v. State, 113 Texas Cr. Rep. 395, 22 S.W. 2d 136; Norford v. State, 116 Texas Cr. Rep. 533, 34 S.W. 2d 290; Chapman v. State, 136 Texas Cr. Rep. 285, 124 S.W. 2d 112; Rice v. State, 135 Texas Cr. Rep. 390, 120 S.W. 2d 588; Amos v. State, 155 Texas Cr. Rep. 488, 237 S.W. 2d 305.

It is clear that under the authorities cited the preliminary trial is to be granted "if desired by the defendant," (Ramirez v. State, supra; Norford v. State, supra) or upon demand of the defendant; that such demand must be made before the defendant's announcement of ready for trial, and supported by affidavit. Chapman v. State, 136 Texas Cr. Rep. 285, 124 S.W. 2d 112; Lermo v. State, 68 S.W. 684; Amos v. State, 155 Texas Cr. Rep. 488, 237 S.W. 2d 305.

It is well settled that an accused may be mentally ill or of unsound mind and yet be legally sane. The test is not whether he is of unsound mind or mentally ill, but whether he is rendered incompetent to make a rational defense thereby, and whether he is laboring under such defect of reason from disease of the mind as not to know the nature or quality of his otherwise criminal act, or if he does know, is unable to distinguish between right and wrong as to such act.

Art. 932(b) V.A.C.C.P., like former Art. 932(a) recognizes the preliminary trial on the issue of insanity and provides certain procedure for such trial, the principal innovation being the submission of insanity at the time of the offense as well as present insanity.

We find nothing in such act, or in prior decisions, which would authorize such a trial being held over the protest of the defendant's counsel. This is so especially where the defendant announces ready for trial on the charge against him. The insanity issues raised by the evidence could, of course, have been submitted on the main trial.

The presumption was that Hodges was sane. His counsel did not assert otherwise, and the burden of proof was on the defendant to prove the contrary.

By the action of the trial court in declining to proceed to trial in the murder case, and in requiring a preliminary trial to determine the sanity of the defendant over protest of his counsel, the defendant has been deprived of his rights guaranteed by the 6th Amendment of the Constitution of the United States, and by Art. I, Sec. 10, of the Constitution of Texas, to a speedy trial and to the effective aid of counsel.

We hold that the 108th District Court of Potter County was without jurisdiction to impanel a jury upon preliminary trial on the issue of insanity alone over the protest of appellant's

counsel, and that appellant is entitled to a trial on the charge of murder pending in the 47th District Court of Potter County as though such preliminary trial had not been held.

The trial judge was in error in remanding him to custody to be committed to a state mental hospital under such judgment.

It is apparent that appellant is not entitled to be discharged from custody, he being in lawful custody to answer the indictment for murder pending in the 47th District Court of Potter County.

A somewhat similar situation was before a Texas Court of Appeals in Ex Parte Trader, 24 Texas App. 393, 6 S.W. 533. There the defendant in a murder case, while on bond, was adjudged a lunatic in a county court in another county. When he failed to answer to the murder charge alias capias was issued and served and writ of habeas corpus was granted to test the validity of his arrest on the alias capias. Hearing was had and Trader was remanded to custody of the sheriff to answer the murder charge. Bondsmen in whose custody Trader had been placed by the county court appealed.

The court of appeals held that the writ was properly granted but should have been made returnable and hearing thereon held in the county where the indictment was returned.

In overruling motion to dismiss the appeal, the court of appeals said:

"All district judges are, under the constitution, authorized to grant the writ of habeas corpus in felony cases, (Const. Art. 5, Sec. 8,) and it is expressly provided by statute that 'every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it.' Code Crim. Proc., Art. 134. Another rule well settled is that 'a party's right to the writ does not depend upon the legality or illegality of his original caption, but upon the legality or illegality of his present detention.' Ex parte Coupland, 26 Texas 387."

The judgment of the 108th District Court remanding appellant to custody to be committed to a state mental hospital is reversed and appellant is ordered held in custody to answer the murder indictment in the 47th District Court of Potter County.