

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 10, 1961

Honorable Robert Galloway
District Attorney
84th Judicial District
Borger, Texas

Opinion No. WW-1088

Re: Whether a person who has been
convicted for a felony, and
while his appeal is pending
and being confined in the
County Jail becomes mentally
ill, may be transferred to a
State mental hospital by viture
of Article 932-1, Sec. 12 of

Dear Mr. Galloway:

the Code of Criminal Procedure.

Your request for an opinion of this office concerns the following state of facts.

The defendant was convicted of a felony (rape), and was sentenced to not less than five nor more than ninety-nine years. The defendant has appealed and the appeal is now pending before the Court of Criminal Appeals. The defendant has become mentally ill, but the best available evidence indicates that he is not legally insane in the sense of knowing right from wrong. The problem is whether, under this state of facts, the defendant can be transferred to a mental hospital. Article 932b, Section 3, C.C.P., states as follows:

"If the question of the sanity of the defendant is
raised after his conviction and prior to the pronounce-
ment of sentence in a felony case or while an appeal
from that conviction is pending, and sufficient proof
is shown to satisfy the judge of the convicting court
that a reasonable doubt exists as to the sanity of the
defendant, the judge shall impanel a jury to determine
whether the defendant is sane or insane. If the jury
finds the defendant is insane, the court shall enter
an order committing the defendant to a State mental
hospital and placing him in the custody of the sheriff
for transportation to a State mental hospital to be con-
fined therein as a person charged with a criminal of-
fense until he becomes sane. If the jury finds the
defendant is sane, the proceedings in the case against
him shall continue."

In the case of <u>Ex parte Hodges</u>, 314 S.W.2d 581 (Tex.Crim. 1958),
the court per Woodley J. said:

"It is well settled that an accused may be mentally ill or of unsound mind and yet be legally sane. The test is not whether he is of unsound mind or mentally ill, but whether he is rendered incompetent to make a rational defense thereby, and whether he is laboring under such defect of reason from disease of the mind as not to know the nature or quality of his otherwise criminal act, or if he does know, is unable to distinguish between right and wrong as to such act."

We feel that the above language indicates that Article 932b, C.C.P., has no application to the present state of facts. Section 12 (a) of Article 932-1 C.C.P. reads as follows:

"The county judge may transfer a prisoner who is serving a sentence in a county jail to a State mental hospital if the county health officer certifies that the prisoner is mentally ill and would benefit from treatment in a mental hospital and if the judge is advised by the head of a State mental hospital that facilities are available for treatment of the prisoner." (Emphasis added.)

The question presented by this request is, whether the defendant is serving a sentence in the county jail within the meaning of this section when he is in custody of the sheriff pending the outcome of his appeal to the Court of Criminal Appeals?

The term "sentence" is properly applied only in felony cases since one is not sentenced formally in a misdemeanor case, Ex parte Hayden, 215 S.W.2d 620 (Tex.Crim. 1948); Attorney General's Opinion V-415.

The Legislature has used the term "sentence" in Section 12 (a) of Article 932-1. If taken literally, the section would lead to an absurd result, since it is impossible to serve a "sentence" in a county jail. We are left to conclude therefore that the legislative intent must here refer to any confinement in a county jail which is a result of a criminal charge. It follows that this defendant is serving a sentence in the county jail within the meaning of Article 932-1, C.C.P.

## SUMMARY

"A person who has been convicted of a felony, and while his appeal is pending and being confined in the County Jail becomes mentally ill, may be transferred to a State mental hospital by virtue of Article 932-1, Section 2 of the Code of Criminal Procedure.

Very truly yours,

WILL WILSON
Attorney General of Texas

By    John E. Leonarz
Assistant Attorney General

JEL/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Harris Toler
Virgil Pulliam
Gilbert Hargrave

REVIEWED FOR THE ATTORNEY GENERAL
By:  Morgan Nesbitt