The STATE of Texas, Relator,

v.

G. C. OLSEN et al., Respondents.

No. A–8902.

Supreme Court of Texas.

June 27, 1962.

Rehearing Denied Oct. 3, 1962.

D. D. Sullivan, Dist. Atty., Andrews, John H. Banks, County Atty., Winkler County, Kermit, for relator.

Warren Burnett, Odessa, Luther E. Jones, Jr., Corpus Christi, for respondents.

CALVERT, Chief Justice.

The State of Texas, acting by and through its District Attorney for the 109th Judicial District, seeks by this original proceeding to compel Honorable Russell D. Austin, District Judge, to vacate and set aside a judgment rendered and entered by his predecessor in Cause No. 1071, The State of Texas vs. John Mack Herring, then pending on the criminal docket of said court for Winkler County and commanding Judge Austin to proceed to trial in the case.

John Mack Herring was indicted for murder. After return of the indictment and while the case was pending, Herring's fa-

ther made an affidavit that in his opinion Herring was "temporarily in a state of insanity" and was "temporarily unable to distinguish between right and wrong" *as to his act at the time he committed it.* Based on the affidavit, Herring's counsel filed a motion asking the court to "order a preliminary jury trial of the issue whether defendant was temporarily in a state of insanity *at the time of the offense charged herein."* A preliminary trial by jury was ordered as requested. When the evidence was concluded, Judge G. C. Olsen, the trial judge, charged the jury generally on the law of insanity and submitted for their consideration one question, as follows:

"QUESTION: Do you find from a preponderance of the evidence that at the time of the act charged by the indictment in this case, the defendant, John Mack Herring, was insane?"

The jury answered the question "yes".

■ The State filed a motion for judgment notwithstanding the verdict. In the motion the State challenged the jurisdiction of the court to try the issue of insanity in the preliminary trial. The motion was overruled and judgment was rendered and entered adjudging John Mack Herring to have been insane at the time of commission of the offense charged in the indictment. Under the provisions of Article 932b, Vernon's Code of Criminal Procedure, the judgment, if valid, operates as an acquittal of the offense charged. The judgment is not appealable. Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355; Ex parte Hodges, 166 Tex. Cr.R. 433, 314 S.W.2d 581.

This proceeding was filed originally against Honorable G. C. Olsen. After it had been submitted on oral argument, Judge Olsen died. The proceeding against him thereupon became moot. Decision was held in abeyance until Judge Austin, successor to Judge Olsen, had been afforded an opportunity to vacate the judgment, with permission to Relator, in event of refusal, to amend and proceed against Judge Austin. See

Tex., 360 S.W.2d 402. Judge Austin has now refused to vacate the judgment and Relator's petition has been amended to seek a writ of mandamus against him.

■ The position of the State before this court is that the trial court was without jurisdiction to try only the issue it did try and to render the judgment it did render in a preliminary trial. If the trial court was without jurisdiction for any reason, the judgment rendered by it is void and the writ of mandamus should issue as prayed. 33 Tex.Jur.2d 694, Judgments, § 164; 25 Tex. Jur. 685, Judgments, § 252; Article 1734, Vernon's Texas Civil Statutes; State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279. We have concluded that jurisdiction of the trial court to conduct the preliminary trial was not legally invoked.

The preliminary trial was conducted under purported authority of Article 932b, Vernon's Code of Criminal Procedure. The relevant part of that Article reads as follows:

"Section 1. In any case where the question of the insanity of a defendant is raised and that issue is tried alone before the main charge or is tried in connection with the main charge, the jury shall state in their verdict whether the defendant was sane or insane at the time the offense is alleged to have been committed and whether the defendant is sane or insane at the time of the trial.

"(a) If the jury finds the defendant to have been insane at the time the offense is alleged to have been committed, the defendant shall stand acquitted of the alleged offense.

"(b) If the jury finds the defendant to be insane at the time of trial, the court shall enter an order committing the defendant to a State mental hospital and placing him in the custody of the sheriff for transportation to a State mental hospital to be confined therein until he becomes sane. If the defend-

ant is acquitted of the alleged offense the court shall so state in the commitment order."

Before a jury can comply literally with the statutory requirement in returning a verdict, a judge must submit two questions or issues, viz: whether the defendant was sane or insane at the time the alleged offense was committed and whether he is sane or insane at the time of trial. But we are not concerned here with whether this proceeding was tried properly; we are concerned with whether the court had jurisdiction to try it at all. A proper determination of that question requires an analysis of the quoted language of the Article and a review of relevant decisions in criminal cases.

■ The District Court of the 109th Judicial District undoubtedly had jurisdiction of the case of The State of Texas vs. John Mack Herring pending on its criminal docket. It also had potential jurisdiction under Article 932b to try, in a preliminary trial, the issue of the defendant's insanity at the time of commission of the offense charged in the indictment. But jurisdiction thus conceded does not foreclose the question before us. Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist. What we said in San Antonio & A. P. Ry. Co. v. Blair, 108 Tex. 434, 196 S.W. 502, 505–506, although speaking of jurisdiction of appellate courts, seems appropriate here:

"There is, of course, an obvious difference between jurisdiction,—the power of a court to hear and determine causes, and the doing of those things necessary to call that power into play. To confer jurisdiction upon a court is not to give it authority to determine the mode of resort to its jurisdiction, or the power of deciding how, when, and in what manner its jurisdiction may be obtained. Some means must be provided as the instrumentality of bringing the cause under the power of the court in order for the court to have and exert

power over it. Such means are purely remedial in their nature. They pertain merely to the manner or mode by which jurisdiction is acquired, not to its exercise after it is acquired. * * *"

On the subject generally, see 21 C.J.S. Courts § 80, p. 121; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084.

Even a casual reading of Section 1 of Article 932b should disclose that it does not purport to state *how* or *in what manner* jurisdiction of a court is invoked to try an issue of insanity in a pending criminal case. It purports only to direct the form of the issues to be submitted and the nature of the verdict to be returned by the jury. It directs what the verdict of the jury shall state in a case where "the question" of insanity is raised "and that issue is tried." We must look elsewhere to see *how* and *in what manner* jurisdiction of a court to try issues of insanity in a criminal case is invoked.

The two issues of insanity which a court has jurisdiction to try in a criminal case, before conviction, are based upon and arise out of Article 34, Vernon's Penal Code. That article provides: "No act done in a state of insanity can be punished as an offense. No person who becomes insane after he committed an offense shall be tried for the same while in such condition. * * *" The first sentence makes insanity a defense to a criminal charge. The second sentence makes insanity a bar to prosecution. See Insanity as a Bar to Criminal Prosecution by K. K. Woodley, Judge of the Court of Criminal Appeals, 3 South Texas Law Journal 204. The statutory law of this State contained similar provisions in 1874 when this court decided Guagando v. State, 41 Tex. 626. Article 41 of the Criminal Code (Pas. Dig. p. 399, Art. 1643, 4th ed., 1873). In that case an affidavit of insanity was presented to the trial court in support of a motion to postpone trial of the criminal charge until the question of insanity of the defendant could be determined. There was no provision in the Code of Criminal Pro-

cedure for such a trial, but we held that the statute gave the defendant a right to a trial of the issue of *present* insanity before trial of the criminal charge for the purpose of determining whether he was mentally competent to make a rational defense to the criminal charge. Judicial invention of a procedural device for assertion of the right not to be tried while insane was essential to preservation of the right. The rule of Guagando became the accepted rule of procedure in cases involving the issue of insanity as a bar to prosecution. See Soderman v. State, 97 Tex.Cr.R. 23, 260 S.W. 607, 611; Chapman v. State, 136 Tex. Cr.R. 285, 124 S.W.2d 112; Ex parte Hodges, 166 Tex.Cr.R. 433, 314 S.W.2d 581. But it was not held, or even intimated, in Guagando that a defendant was entitled to a preliminary trial of the issue of insanity at the time of commission of the offense.

We have discovered no case decided before 1937 in which it was held that a defendant was entitled to a preliminary trial on that issue either separately and alone, as was accorded here, or in conjunction with the preliminary trial of the issue of present insanity. There were decisions which clearly indicated the contrary. Insanity at the time of commission of the act was recognized as a defense to the criminal charge, to be tried on the main trial under a plea of not guilty. Ramirez v. State, 92 Tex.Cr.R. 38, 241 S.W. 1020; McGee v. State, 155 Tex.Cr.R. 639, 238 S.W.2d 707. There was no provision in the Code of Criminal Procedure for a trial of the issue in a preliminary trial and no need for such a trial to protect the right given by the first sentence of Article 34. The distinction between the two issues of insanity and the rationale for according them different procedural treatment was recognized in Ramirez v. State, 92 Tex.Cr.R. 38, 241 S.W. 1020, in which a judgment of conviction was reversed because both issues were tried with the main charge over objection of the defendant who contended that he was entitled to a separate preliminary trial on the issue of insanity as a bar to prosecution.

We quote at length from the opinion (241 S.W. 1021):

" \* \* \* We do not believe the purpose evident from the language of the article quoted [Article 34] can be met by a trial of present insanity at the same time and before the same jury as a trial of the issue of guilty of the crime charged. To try the prisoner for present insanity and for the crime charged in one and the same proceeding would not seem to be in conformity with a statute which provides that he shall not be tried for the offense while he is insane. Not only is the proceeding of such dual trial not according to the statute, but it would be manifestly confusing to the jury and unfair to the accused. If he be now insane, the fair decision of that issue should not be clouded and prejudiced by the introduction of the facts involving a blood-curdling murder—facts which alone might well so stir the minds of the jury as to make difficult the exercise of calm judgment upon the question of present insanity. The proposition is wholly different from that involved in a trial for crime, wherein the accused, under his plea of not guilty, is allowed to show as supporting such plea that, if he did the act charged, he did not have the mental capacity to recognize the wrong of same. In such trial as that last referred to, the two issues are blended and interwoven, the question of guilt of the crime being dependent upon that of mental capacity on the part of the accused at the very time of the act done, and it is clearly right to submit insanity as a defense to the crime in such case."

In 1937 the Legislature enacted Article 932a, Vernon's Code of Criminal Procedure. See Acts 1937, 45th Leg., p. 1172, ch. 466. As noted above, there was at that time no legal procedure, statutory or decisional, by which a trial court could try the issue of insanity at the time of the act in advance of a trial on the main charge, and no procedure

by which a court could try the issue of present insanity, over the objection of the defendant, on the trial of the main charge. By enactment of Article 932a the Legislature supplied a procedure to remedy both deficiencies. Whether it was wise in so doing is not for us to speculate. In Section 1 provision was made for the submission of issues and form of verdicts in any case when the issue of insanity was tried "before the main charge", and in Section 2 provision was made for the submission of issues and form of verdicts when the issue of insanity was tried on "the trial of the main charge." Issues and verdicts on insanity at the time of commission of the alleged offense and at the time of trial were required in both instances. But in that statute, as in Article 932b which repealed and displaced Article 932a, the Legislature did not purport to state when or under what circumstances a preliminary trial was to be had, or how jurisdiction to order it was invoked. We must assume that both Article 932a and Article 932b were enacted by the Legislature with full knowledge that under court decisions jurisdiction of a trial court to grant a preliminary trial on the issue of insanity could be invoked by or on behalf of a defendant only by a motion or request therefor based upon allegations that because of present insanity the defendant was unable to prepare a rational defense to the main charge.

█ It would serve no useful purpose to write at length on the confusion which would result from a holding that a trial court's jurisdiction to order and conduct a preliminary trial on the issue of insanity is legally invoked by or on behalf of a defendant by a request therefor based on an affidavit stating only that the defendant was insane at the time of commission of the offense charged. As Judge Woodley, now Presiding Judge of the Court of Criminal Appeals, points out in his article heretofore cited, even a trial of *both* issues of insanity in a preliminary trial can lead to a strange situation. He states:

"* * * So it is now possible for one charged with a criminal offense to be acquitted, though he has never been tried for such offense, and in fact to be acquitted by a jury that has not heard the indictment read, the facts relating to the act charged, or any other evidence other than that relating to the question of the sanity or insanity of the accused."

█ We hold that jurisdiction of a court to try issues of insanity before a trial of the main charge can be invoked by or on behalf of a defendant only by a motion or request for a trial of the issue of present insanity. It follows that jurisdiction of the 109th District Court to order and hold a preliminary trial of the issues of insanity in State of Texas vs. John Mack Herring was never legally invoked and that the judgment rendered by it is therefore void.

We assume the District Judge will vacate the judgment heretofore rendered and proceed to trial in accordance with this opinion. Otherwise, writ of mandamus will issue in conformity herewith.