**Benny CASTELLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36345.

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

E. A. Blair, Lubbock, for appellant.

George H. Hansard, Lamesa, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape; the punishment, thirty years confinement in the State Penitentiary.

■ While the sufficiency of the facts is not challenged, yet this Court is obligated to test and determine their sufficiency, which we have done. Stated briefly, the appellant, after consuming a quantity of intoxicating beverages, walked from his motel room to a nearby residence where the complaining witness was asleep. The appellant broke into the kitchen door of the residence and raped the complaining witness, a 73 year old blind woman, by force. After the act was completed appellant returned to his motel room. The prosecutrix then called the officers, who responded within a few minutes to her call. The officers found footsteps in the sand, made by tennis shoes, leading from the residence where the assault occurred to the motel room occupied by appellant. The officers entered appellant's room with his consent and found a pair of tennis shoes under his blue jeans. The officers made a plaster cast of the foot prints and they matched the tennis shoes. Appellant made a voluntary written statement in which he admitted breaking the lock on the door and entering and having intercourse with a woman there. We find the evidence sufficient to sustain the jury's verdict

Appellant urges one proposition as grounds for reversal. It it his contention that the trial court erred in refusing to grant him a preliminary trial on the issue of his present sanity before the main trial of the case on the issue of guilt. Appellant supported his request by affidavit and motion. The trial court overruled the motion, being of the opinion that same was not timely made. Appellant has brought his contention forward by a formal bill of exception, which contains all of the pertinent facts. Briefly stated, the facts are that this case, along with others, was called at about 10:00 A.M. on June 10, 1963. The State announced ready for trial, the defendant made no announcement, but presented a written motion for continuance, which was overruled by the Court at about 11:00 A.M. Immediately thereafter, the Court requested the sheriff to summons 26 additional jurors to be in Court at 1:00 P.M. on that day and instructed the members of the jury panel then present in court to report back at 1:00 P.M. At 12:45 P.M. the appellant and his attorney were present in the Courtroom and the judge came in and the appellant's attorney presented an "Affidavit of Insanity" to the Court with a written request that a trial be had on the issue of appellant's sanity alone and before the trial of the case on the main charge. The Court overruled the motion and the appellant objected and excepted to the Court's action.

■■ While the bill of exception does reflect that the appellant had not formally announced ready prior to presenting his affidavit and motion for a preliminary trial on the sanity issue, the record does reflect that appellant did present his motion for continuance, which was overruled an hour and forty-five minutes before appellant took any action whatever in requesting the preliminary trial. It is true that the trial judge did not inquire of appellant's counsel if he had any other matters to present after the motion for continuance was disposed of. Also, we find that appellant's counsel sat silently by and listened to the Court instruct the sheriff to summons 26 additional jurors and instruct the panel to be back at 1:00 P.M. for trial of this cause and said nothing to the Court about presenting any further motions. We think that appellant's silence amounted to consent and his tacit approval of the Court's action recessing the trial upon the main charge until 1:00 P.M. We find no good and sufficient reasons assigned as to why the request was not made immediately after the Court's action in overruling appellant's motion for a continuance. We recognize the settled law in this state to be that when a person is charged with an offense and files an affidavit

of present insanity, accompanied by a request for a separate trial on that issue, he is entitled to it. But this must be done at a proper time, either prior to an announcement of ready or at that stage of the trial proceedings where it is incumbent upon the appellant to either go forward with the trial, or take some positive steps to direct the Court's attention to his desire to present an additional motion or motions. After the motion for continuance was heard and disposed of there was nothing further before the Court for its consideration. The Court was then at that juncture of the proceedings where the trial was to either move forward, or the Court could hear and pass on other motions presented to it. It is at this very juncture that we think appellant should have acted. By his silence, which he elected to maintain, he gave tacit approval of the Court's action. We think the case was on trial the same as though he had announced ready and that his request was not timely made.

Finding no reversible error in the action of the trial court, the judgment is affirmed.

WOODLEY, Presiding Judge (concurring).

I concur in the holding that the request for a preliminary trial on the issue of sanity was not timely made.

I would further point out that the affidavit incorporated in the request for a trial on the issue of sanity states only that the defendant "is a person of unsound mind at this time and was a person of unsound mind at the time of the commission of the offense charged against him," and there was no allegation or averment that he was by reason of insanity rendered incompetent to make a rational defense to the charge against him.

Jurisdiction of a trial court to grant a preliminary trial on the issue of insanity can be invoked by or on behalf of a defendant only by a motion or request therefor "based upon allegations that because of present insanity the defendant was unable to prepare a rational defense to the main charge." State v. Olsen, District Judge, (Tex.Sup. Ct.) 360 S.W.2d 398.