Julio CRIADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 41494.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

(Article 42.09, Vernon's Ann.C.C.P.) since the minimum punishment for felony theft is 2 years. Article 1421, Vernon's Ann.P.C.

**558**

Blanchard, Clifford, Gilkerson & Smith, by George E. Gilkerson, E. Lawrence Merriman, and John C. Sims, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is murder; the punishment, assessed by the jury, twenty years in the Texas Department of Corrections.

No brief was filed by the appellant in the trial court in accordance with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. A brief designated by the appellant as his first amended original brief was filed with this court on the day this case was submitted on the appellate record. Such a filing does not comply with Art. 40.09, Sec. 9, supra. It deprives the trial court of its duty to consider and decide from the briefs whether to permit the defendant to withdraw his notice of appeal and grant him a new trial. Art. 40.09, Sec. 12, V.A.C.C.P. However, it presents one ground of error which we may review in the interest of justice under the provisions of Art. 40.09, Sec. 13, V.A.C.C.P.

In the ground of error, the appellant contends that:

"The trial court erred in permitting the sheriff of Garza County, Texas, to attend the wants of the jury and act as jury bailiff after the said officer had been called as a witness for the prosecution, for this denied appellant right to a fair trial by an impartial jury when the sheriff who gave testimony leading to the appellant's conviction had charge of the jury during the deliberations and had fraternized with them outside courtroom during the performance of their duties."

The jury was duly empaneled on Monday, May 22, 1967, and they were permitted to separate during recesses and adjournments until the submission of the charge of the court. They were not kept together at night after the commencement of deliberations. The jury returned a verdict of guilty at approximately 11:15 a. m., Wednesday, May 24, and that afternoon assessed his punishment at twenty years.

At the hearing on the motion for new trial, Sheriff Claborn of Garza County testified that he had only one deputy and that they were the only officers attending the court and jury during the trial; that his deputy attended the jury during the day except during two meals; that he attended the jury after the testimony was completed

and when they went for two meals; that he testified as a witness for the state, but that he never discussed his testimony or the case with the jury.

The transcription of the evidence on the trial on the merits reveals that appellant's brother, Eddy Criado, testified that he was at the scene at the time of the shooting, went to a truck in which appellant was sitting, removed a pistol from underneath the seat, threw it in front of a school building, and later showed Sheriff Claborn and another officer where it was. Sheriff Claborn testified that Eddy Criado pointed out to him and other officers the place where he had thrown the pistol, and he (Claborn) had had the pistol since they found it; and that the pistol contained several empty shells, and he tested it and found it to be in working order.

The only independent and uncorroborated testimony given by Sheriff Claborn was that the pistol appeared to be in working order.

Sheriff Claborn was not listed as a witness on the indictment. No application was filed or subpoena issued for Sheriff Claborn as a witness on the main trial. No objection was made to Claborn testifying as a witness.

The appellant relies upon Art. 36.24, V. A.C.C.P., and Turner v. State of Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965).

In considering a similar contention in Crawford v. Beto, 5 Cir., 385 F.2d 156, wherein the decisions of Bowles v. State of Texas, 366 F.2d 734 (5th Cir.1966), and Turner, supra, were also considered, the court said:

"Petitioner contends that these facts require this Court to order his release because the contact of the deputy sheriff with the jury coupled with the deputy's testimony at trial denied petitioner his Constitutional right to a trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments. See

Turner v. State of Louisiana, supra; McAllister v. Allgood, 249 F.Supp. 408 (E.D.La.1966). In Turner the Supreme Court reversed a conviction obtained after a trial in which the deputy sheriffs who had custody of the jury had also investigated the crime, extracted a confession from the accused, and corroborated that confession at trial. The basic teaching of that decision is that when the custodian of the jury who has had continuous and intimate contact with the jury testifies about matters which are more than merely uncontroverted or formal aspects of the case and the credibility of the officer is a factor, then the accused has been denied due process.

"Although the deputy sheriff's connection with the jury here probably satisfies Turner's contact test that is hardly enough. For on the elements of the nature of the testimony offered and its operative effect, we feel that the crucial facts of this case are more in point with and are thus controlled by the rationale of our recent decision in Bowles v. State of Texas, 5 Cir., 1966, 366 F.2d 734. There this Court refused to hold that contact between the sheriff and the jury produces a *per se* violation of an accused's Constitutional rights. The facts of each case must be examined to determine what impact the officer's testimony may have had on the jury.

"In the present case the deputy sheriff's testimony was directed neither to proving any of the substantive facts of the crime nor to bolstering or derogating the petitioner's defense of alibi. Rather, his testimony was directed to the surrounding circumstances of the crime and occurrences after arrest. Also, everything to which the deputy testified that might be classified as more than formal testimony was either corroborated by other witnesses or was uncontradicted. Thus even assuming that the jury gave complete credence to the deputy's testimony, no harm appears that could possibly affect the validity of petitioner's

conviction. The evil that *Bowles* and *Turner* seek to prevent is the jury's basing its decision on influences and opinions other than those produced in court. That evil is not present in this case from anything the deputy did or said or testified to. If—and the if is not of Constitutional proportions—some testimony was inadmissible, its harm, if any, came from an error of the trial Judge of a type not reachable by Habeas. It came not from the coincidence of the deputy sheriff as custodian and witness."

Art. 36.24, V.A.C.C.P., provides:

"The sheriff of the county shall furnish the court with a bailiff during the trial of any case to attend the wants of the jury and to act under the direction of the court. If the person furnished by the sheriff is to be called as a witness in the case he may not serve as bailiff."

Under the record here presented, the failure of the sheriff to furnish the court with a bailiff who was not to be called as a witness would not ordinarily call for a reversal unless harm or prejudice was shown. Art. 36.24, V.A.C.C.P.; Ex parte Meadows, Tex.Cr.App., 418 S. W.2d 666; Steward v. State, Tex.Cr.App., 422 S.W.2d 733; Henry v. State, Tex.Cr. App., 433 S.W.2d 430. The record here does not show any injury which would deprive the appellant of a fair trial or deny him a constitutional right.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

In his Second Amended Original Brief, appellant has presented a variation of his contention not previously presented to the Court. It is that Art. 36.24, V.A.C. C.P., is a stricter requirement and "goes further than the holding of Turner" in that under Art. 36.24 supra, the witness need not be a material one. Such conten-

tion is not before this Court because there was no compliance with Art. 40.09, Sec. 9, supra, and the only variation of his contention which we need consider under Art. 40.09, Sec. 13, supra, is whether the constitutional rule in Turner was violated.

Appellant's Motion for Rehearing is overruled.

DOUGLAS, J., not participating.