Joe SILVA, Appellant,

v.

The STATE of Texas, Appellee.

No. 46076.

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 17, 1973.

William F. Warnick, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary. After returning a verdict of guilty, the jury found that, prior to the commission of the primary offense, appellant had twice been convicted of a felony less than capital as charged in the indictment. Punishment was assessed at life under the mandatory provisions of Article 63, Vernon's Ann.P.C.

Augustine Martinez testified that he and appellant gained entry to the La Favorita store in Ralls about midnight on January 16, 1970, by forcing open the back door. Martinez stated that he and appellant took suits, shoes, stereos, tapes and watches from the store.

Appellant urges that an alleged oral confession was not admissible and that the testimony of the accomplice, standing alone, was not sufficient to sustain the conviction.

Appellant first contends that the trial court erred in allowing an oral confession into evidence because "appellant was not given proper constitutional warning imme-

diately prior to the alleged oral confession,"[1] and "the State has produced no evidence that the alleged oral confession led to any fruits of the crime." Appellant urges that there had been a lapse of from twenty-four to forty-eight hours between the warning of the magistrate and appellant's oral confession to the sheriff. In Babcock v. State, Tex.Cr.App., 473 S.W.2d 941, the lapse of two days between the warning of the magistrate and the confession did not render the confession inadmissible. See Charles v. State, Tex.Cr. App., 424 S.W.2d 909.

Further, we find that the record does not support appellant's contention that the warning given him prior to the oral confession was insufficient for the reasons that, "(1) The warning did not inform the accused of his right to have counsel present during the questioning; and (2) The warnings given did not inform the accused that the State would appoint counsel to represent him if he could not afford to employ counsel of his own choosing."

The record reflects the following testimony of Sheriff Stark with respect to the warning given appellant immediately prior to the oral confession:

"Q Did you also tell him that he had the right to have an attorney present to counsel with prior to or during any questioning that you might do?

"A I did.

"Q And did you also tell him that if he could not afford an attorney, one could be hired for him at the expense of the State of Texas to counsel with him prior to or during any questioning?

"A I did."

We find that the evidence supports the court's findings regarding the voluntariness of the confession.

Appellant urges the State produced no evidence that the oral confession led to any fruits of the crime.

Article 38.22, subd. 1(e), V.A.C.C.P., provides for the admissibility of oral confessions where:

"It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

Sheriff Stark testified that, after he had warned appellant of his rights, appellant told him about selling and giving away items taken in the burglary. Appellant further stated that he had items in his home in Ralls that were taken in a burglary. Stark testified that prior to appellant's oral statement he had no knowledge that any of the articles taken in the burglary were at appellant's home. At Stark's direction, Deputy Taylor was dispatched to the appellant's home. Taylor testified that before he went to appellant's home appellant told him about a suit that was taken in the burglary that was at his house. When Taylor went to the appellant's home, appellant's mother and sister were present, and he asked their permission to "pick up those items." Taylor testified that "a suit of clothes that had the knee bursted out of it" was brought to him by appellant's mother and sister, and that he took the suit to the sheriff's office. While he was not sure,

1. While Article 38.22, Vernon's Ann., C.C.P., does not require a warning to be given an accused prior to the giving of an oral confession, the lack of such requirement does not affect the applicability of Miranda v. Arizona, 384 U.S. 346, 86 S.Ct. 1602, 16 L.Ed.2d 694, to oral confessions resulting from custodial interrogation. Noble v. State, Tex.Cr.App., 478 S.W.2d 83.

Taylor thought a pair of slippers was picked up at the appellant's home and taken with the suit to the office. Stark testified that the items picked up at the appellant's home were brought to his office by Taylor, that the owner of the La Favorita store, George Kattan, looked at these items, and they were later returned to Kattan. Kattan testified that he recovered torn, used suits, taken in the burglary, from the sheriff. We find appellant's reliance on Reyes v. State, Tex.Cr.App., 468 S.W.2d 64, and similar cases where the State relies on the unexplained possession of recently stolen property for conviction is misplaced. We conclude that the foregoing testimony supports the court's finding that the "oral confession led to the recovery of the property which tends to establish guilt."

Appellant contends that the evidence obtained at appellant's home came as the result of a search conducted without a search warrant in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the Constitution.

Deputy Taylor testified that appellant told him that he could "go pick up these items at his home." When Taylor reached appellant's home, he stated that he asked appellant's mother and sister for permission to pick up the items. After appellant's mother and sister conversed in Spanish, they brought Taylor a suit and possibly a pair of slippers. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ Appellant introduced no evidence as to force, threats, coercion or other influence exerted upon him, his sister or mother by the officers in obtaining their consent to seize the items at appellant's home. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797; Paprskar v. State, Tex.Cr.App., 484 S.W. 2d 731. The fact that appellant was under arrest at the time does not vitiate the con-

sent, provided it was freely and voluntarily given. Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572; Brown v. State, Tex.Cr. App., 443 S.W.2d 261.

■ In view of the uncontroverted evidence of appellant's consent for the officer to go to his home and pick up the items plus the cooperation of appellant's mother and sister upon the arrival of the officer, we must conclude that the State sustained its burden of proving free and voluntary consent to the seizure.

■ We find the testimony of the accomplice witness, coupled with the oral confession of appellant, sufficient evidence to support the conviction. See Scott v. State, 167 Tex.Cr.R. 77, 318 S.W.2d 651; Martinez v. State, 140 Tex.Cr.R. 159, 140 S.W.2d 187; Benjamin v. State, 160 Tex. Cr.R. 624, 274 S.W.2d 402.

Lastly, appellant contends that the court erred in overruling his motion for mistrial for the reason that a material State's witness was allowed in the jury room while the jury was deliberating at the guilt stage of the trial.

Bailiff Isbell testified that while the jury was deliberating they requested that coffee be brought to them, and that he opened the door for Sheriff Stark to place a pot of coffee and cups on the jury table. Isbell entered the jury room with Stark and heard the jurors say, "Thank you." Stark's reply was "something like 'I'll charge it to you.'" Isbell further testified that it would have been impossible for him to "handle the pot and the door both," and that the sheriff was assisting him in his duties as bailiff.

The United States Supreme Court, in Gonzales v. Beto, 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787, held that a conviction could not stand where the sheriff had acted in the dual role of key witness against the defendant and bailiff of the jury. In *Gon-*

*zales,* it was noted that "the key witness for the prosecution also served as guardian of the jury, associating extensively with the jurors during the trial." In Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, the United States Supreme Court held that petitioner's right to due process of law had been infringed where two crucial witnesses acted as bailiff during the course of a three day trial. In Turner, the jury was sequestered and the two witnesses were in "close and continued association with the jury." In Gonzales v. Beto, supra, the Supreme Court, in discussing the *Turner* decision, noted that Turner "indicated that a mere 'brief encounter,' by chance, with the jury would not generally contravene due process principles."

While the sheriff, in the instant case, was a key witness, his "brief encounter" with the jury in assisting the bailiff in carrying coffee to the jury does not bring this case within the holding in Gonzales v. Beto, supra, and Turner v. Louisiana, supra. See Stephenson v. State, Tex.Cr.App., 494 S.W.2d 900 (1973); Norwood v. State, Tex.Cr.App., 486 S.W.2d 776.

Article 36.24, V.A.C.C.P., provides that a witness may not serve as bailiff, but this Court, in Criado v. State, Tex.Cr.App., 438 S.W.2d 557, held that the failure of the sheriff to furnish the court with a bailiff who was not to be called as a witness would not ordinarily call for reversal unless harm or prejudice was shown. The record before us fails to reflect harm or prejudice to appellant. While we do not condone even a "brief encounter" by a witness with a jury, we do not find that the complained of action by the sheriff requires reversal under the circumstances of this case.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

