**Ex parte Virgil Nelson HALFORD.**

**No. 51251.**

Court of Criminal Appeals of Texas.

May 4, 1976.

John B. Guinn and Mark S. Knapp, Copperas Cove, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P. Petitioner seeks relief from his conviction of rape on November 22, 1963. He contends that the trial court failed to conduct a hearing on his competency to stand trial as required by *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. He also contends that the sheriff who attended the jury was a material witness for the State and that this has been condemned by the Supreme Court of the United States in *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424. Appellant was indicted for the offense in Palo Pinto County. Venue was changed to Wichita County and later to Coryell County where he was convicted.

Petitioner was convicted approximately three years before *Pate* was decided by the Supreme Court. The law in Texas at the time of the trial was followed. If *Pate v. Robinson* is retroactive the issue must be met. In *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), the Supreme Court of the United States, in discussing *Pate v. Robinson,* wrote:

" . . . we held that the failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial."

The Supreme Court of the United States has given retroactive effect to decisions which implement "the fundamental notions of fairness embodied within the concept of due process." See *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

In the following cases, the holding of *Pate v. Robinson* has been applied to convictions occurring before 1966 without discussing the retroactivity issue: *Lee v. Alabama,* 386 F.2d 97 (5th Cir. 1967), en banc, cert. denied, 395 U.S. 927, 89 S.Ct. 1787, 23 L.Ed.2d 246; *Jackson v. Caldwell,* 461 F.2d 682 (5th Cir. 1972); *Bruce v. Estelle,* 483 F.2d 1031 (5th Cir. 1973); *Brinks v. State of Alabama,* 465 F.2d 446 (5th Cir. 1972); *Daugherty v. Beto,* 388 F.2d 810 (5th Cir. 1967), cert. denied, 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447; *Carroll v. Beto,* 421 F.2d 1065 (5th Cir. 1970); *Wilson v. Wainwright,* 445 F.2d 837 (5th Cir. 1971); *Nathaniel v. Estelle,* 493 F.2d 794 (5th Cir. 1974).

In *Williams v. United States,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971), the Supreme Court wrote:

"Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances."

See also *Ivan v. City of New York,* 407 U.S. 203, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1972).

■ Under the holding of *Pate v. Robinson,* the lack of a hearing on competency to stand trial affects the fact-finding process. Texas law prior to *Pate* did not require the trial court to conduct a hearing on a defendant's competency in the absence of a timely request for such a hearing. *Chapman v. State,* 136 Tex.Cr.R. 285, 124 S.W.2d 112 (1938), reh. denied, 136 Tex.Cr.R. 285, 124 S.W.2d 996. See also *Castello v. State,* 373 S.W.2d 754 (Tex.Cr.App.1964). *Pate* held that the trial court should conduct a sanity hearing whenever "the evidence raises a 'bona fide doubt' as to [the] defendant's competence to stand trial." See also *Townsend v. State,* 427 S.W.2d 55 (Tex.Cr.App. 1968); *Ainsworth v. State,* 493 S.W.2d 517 (Tex.Cr.App.1973). Thus, the issue presented is whether there was sufficient evidence before the trial court in 1963 to raise a bona fide doubt as to petitioner's competence to stand trial.

Mrs. B. S. Halford, petitioner's mother, testified at appellant's trial that petitioner had a long history of mental illness and irrational behavior.[1] She testified that petitioner was kicked in the head by a horse when he was eleven months old. She related that she noticed changes in his behavior after that accident. He fell off a horse and

---

1. The court reporter at petitioner's trial testified at the evidentiary hearing on petitioner's application for habeas corpus that the transcript of the trial's testimony had been destroyed. Thus, the trial court's findings of fact and conclusions of law on petitioner's application for habeas corpus were based upon the testimony at the evidentiary hearing of participants and witnesses at appellant's trial in 1963. There was no appeal from the conviction. The hearing court noted that counsel for the defense were no doubt pleased with the verdict of life instead of death and did not desire to appeal.

sustained head injuries when he was eight years old and the injury also affected petitioner's personality. Petitioner experienced "black-out spells" at the age of fifteen and was often disoriented. Mrs. Halford described petitioner's irrational behavior as a child which included "jumping up and falling on his face" and "covering up with a blanket in the summer, crying with pain." Petitioner was committed to the Beverly Hills Sanitorium in Dallas in 1954 for two weeks. Later, after he was convicted of rape, he was assigned to the psychiatric mental treatment unit at Huntsville. After release from prison on a prior conviction, petitioner was committed to the state mental hospital in Wichita Falls. Petitioner's mother and his two sisters testified that during his trial in 1963 petitioner did not understand the proceedings and that he appeared to be in a "stupor" when they visited him in jail.

Two psychiatrists and one medical doctor testified at petitioner's trial. Dr. Charles Brown and Dr. Oscar Yerro who were members of the staff at the Wichita Falls Medical Hospital at the time of petitioner's trial testified that petitioner was a "sociopathic personality." The doctors related that a personality disorder creates a basic lack of conscience in the individual. Each doctor also testified that petitioner had serious personality disorders but that he was legally sane under the M'Naughten test of sanity. Dr. R. H. Smith, county health officer of Palo Pinto County, testified that petitioner was legally sane but that he had "a mental disease or derangement which he classified generally in the same area of sociopathic personality."

Dr. Yerro testified that appellant was able to "aid counsel in the trial of his case." None of the other doctors were questioned about petitioner's competency to stand trial. Jack Prescott, one of petitioner's court-appointed attorneys, testified that he considered his ability to communicate with petitioner "adequate." Wendy Cummings, the sheriff of Coryell County at the time of petitioner's trial, testified that he was able to communicate with appellant while he was in jail and that petitioner was a cooperative prisoner. The trial court charged the jury on the issue of sanity at the time of the offense and sanity at the time of the trial.

In *Drope v. Missouri, supra,* the Supreme Court identified the factors which are relevant to a determination of competency to stand trial:

"The import of our decision in *Pate v. Robinson* is that evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, but that even one of these factors standing alone may, in some circumstances, be sufficient. There are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated. That they are difficult to evaluate is suggested by the varying opinions trained psychiatrists can entertain on the same facts."

Defense counsel did not directly raise the question of petitioner's competence to stand trial. However, the defense was that of insanity at the time of the offense. We hold that the court conducting the habeas corpus hearing had sufficient evidence to conclude that there was raised a bona fide doubt about petitioner's competency to stand trial.

 The contention that the sheriff acted as the jury bailiff during the trial and was a witness against petitioner violates due process will be discussed. *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, is relied upon. In that case an officer and jury bailiff was a key witness for the prosecution. The Supreme Court of the United States overturned Turner's conviction because the due process clause of the Fourteenth Amendment was violated. *Turner v. Louisiana* is retroactive. *Gonzales v. Beto,* 405 U.S. 1052, 92 S.Ct. 1503, 31 L.Ed.2d 787, footnote 4. In the *Gonzales* case, the sheriff was a key prosecution wit-

ness and he was also bailiff during the trial. The Supreme Court of the United States set aside that conviction.

In the present case Sheriff Cummings was bailiff. He associated with the jury for five days. Insanity was the defense. Cummings testified that petitioner appeared to him to be sane at the time of the trial. He was also a witness on the issue of competency to stand trial which was submitted to the jury. The hearing judge had sufficient evidence to conclude that *Turner v. Louisiana* is applicable (even though this case was tried before *Turner* and the question was not raised during the trial).

The relief sought is granted on both grounds. Petitioner is ordered returned to the custody of the Sheriff of Coryell County to answer to the indictment.

ROBERTS, J., not participating.