**Ex parte Joe LOCKLIN, Jr.**

**No. 61454.**

Court of Criminal Appeals of Texas, En Banc.

July 18, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a felony post-conviction habeas corpus application brought pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted of burglary in 1961 and his punishment, enhanced by two prior felony convictions, was fixed at life. Petitioner raises several contentions relating to his competency to stand trial when he was convicted in 1961. There was no competency hearing apart from submission of the issue to the same jury that heard the trial on the merits in petitioner's 1961 trial, and no appeal was taken from that conviction.

Petitioner's contentions are (1) that he was incompetent to stand trial in 1961 when he was convicted, (2) that failure to conduct a competency hearing separate from the trial on the merits denied him due process, (3) that submission of the competency issue to the same jury that decided the issue of his guilt on the criminal charges denied him due process, (4) that the wrong standard for competency to stand trial was used, and (5) that he was denied effective assistance of counsel when his attorney did not file a motion for a competency hearing or a psychiatric examination. No evidentiary hearing was held on the application.

The State in its reply to petitioner's application for relief asserts that petitioner bases his contentions on the fact that petitioner's sister made an affidavit in December 1960 to the effect that petitioner had been adjudged insane in 1951 and was of unsound mind at that time (December 1960). The State attacks the sufficiency of this affidavit, which was filed with the trial court prior to trial, and asserts that it was because of the affidavit that "[t]he trial court in an abundance of caution did submit the competency issues to the jury" under Article 932b, V.A.C.C.P. (1925, as amended). The State also argues that no motion for a separate trial of the competency issue was filed before the trial on the merits and, citing *Castello v. State,* Tex.Cr.App., 373 S.W.2d 754, apparently contends this was a waiver.

The waiver argument was answered in *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815:

"... [I]t is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his capacity to stand trial." Id., at 384, 86 S.Ct. at 841.

In addition to attacking the sufficiency of the affidavit of petitioner's sister, the State argues that many of the psychiatric and psychological reports presented as exhibits show that on dates subsequent to petitioner's conviction, he was evaluated by examiners at the Department of Corrections and found to be sane. The issues in this case, however, concern petitioner's mental condition at the time of his 1961 trial and the procedure used to decide that issue.

Although we do not have the trial record before us, as we did in *Ex parte Hagans,*

Tex.Cr.App., 558 S.W.2d 457, it would appear from the trial court's submission of the issue of petitioner's present sanity (competency to stand trial) that the trial court had determined that such an issue had been raised. *Ex parte Long,* Tex.Cr.App., 564 S.W.2d 760, at 764; *Ex parte Hagans,* supra, at 460–461; cf. *Carpenter v. State,* Tex.Cr.App., 507 S.W.2d 794.

■ Although statutory law at the time of petitioner's trial (Art. 932b, supra) provided for submission of the issue of competency to stand trial along with the issue of insanity as a defense as was done in petitioner's case, such a procedure has been held to violate due process:

"We do not consider that due process requirements have been met by waiting to submit the issue of competency to stand trial to the jury along with the issue of guilt or innocence." *Morales v. State,* Tex.Cr.App., 427 S.W.2d 51, 54.

Also, in submitting the issue of "present sanity" the court instructed the jury:

". . . to establish his insanity it must be proved to the Jury by a preponderance of the evidence that the Defendant is laboring under such defect of reason from disease or impairment of the mind, as not to know the nature and quality of his acts, or as not to know the difference between right and wrong as to such acts."

■ This standard, as correctly argued by petitioner, was inadequate to meet the standards of due process. *Ex parte Long,* supra; *Ex parte Hagans,* supra. The proper test is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ From what has been seen to this point, it appears that petitioner is entitled to relief under his second, third, and fourth contentions. Under our recent holding in *Brandon v. State* (No. 59348, April 25,

1979) it might appear that relief would be adequate were we to remand the case to determine whether an adequate retroactive determination of competency could be made at this date. Unlike *Brandon,* however, in this case the competency issue was heard and decided by the same jury that decided petitioner was guilty of the offense charged against him.

Previously it has been held that the same jury should not decide both competency to stand trial and guilt-innocence, because the evidence on the latter easily could adversely affect the accuracy of the jury's determination of the former. We today hold that the converse is also true: submission of the issue of competency to stand trial to the same jury that decides the truth of criminal charges against the accused may adversely affect the accuracy of that determination of guilt, and a conviction by a jury that has also decided the competency issue cannot stand. Several considerations lead us to this conclusion.

Prior decisions have indicated several bases for the rule against submitting competency to stand trial and the issue of guilt to the same jury. In *Ex parte Hagans,* supra, the Court wrote:

"The necessity of the separate hearing on the question of competency is so that the determination of an accused's competency can be made 'uncluttered by evidence of the offense itself.' *Townsend v. State,* 427 S.W.2d 55, 63 (Tex.Cr.App. 1968). Such separate uncluttered hearing before a jury makes it easier to determine fairly the issue of competency without introducing facts which might *tend to cloud the issue* at hand, 'facts which alone might well so *stir the minds of the' jury* as to make difficult the exercise of calm judgment upon the question of present [incompetency],' *Ramirez v. State,* 92 Tex.Cr.R. 38, 241 S.W. 1020, 1021 (1922)." (Emphasis added.)

In *Ramirez,* quoted in *Hagans,* the Court wrote that submission of both issues to the same jury:

". . . would be manifestly *confusing* to the jury and *unfair* to the accused.

If he be now insane, the fair decision of that issue should not be *clouded and prejudiced* by the introduction of the facts involving a bloodcurdling murder—facts *which alone might well so stir the minds* of the jury as to make difficult the exercise of calm judgment upon the question of present insanity." (Emphasis added.)

The two considerations voiced in these excerpts from *Hagans* and *Ramirez* are that evidence of the crime might adversely affect the accuracy of determining the competency of the accused by (1) confusing the jury in its determination of that issue and (2) arousing unfair prejudice against the accused.

In *Townsend v. State,* Tex.Cr.App., 427 S.W.2d 55, these other concerns were expressed:

"In the absence of an unvacated adjudication of insanity the burden of proof (by a preponderance of the evidence) would be on the defendant as to both issues of insanity thus rendering it desirable for him to sustain his burden as to insanity as a defense, but not to offer proof to overcome the presumption as to his present sanity. Under a finding by the jury that he was insane at the time of the act he would be acquitted, and if the jury further found that he was presently sane he would be a free man, not to be confined in the Texas Department of Corrections or a state hospital.

" . . .

"If the only procedure available to an accused is to have the issue of competency to stand trial (present sanity) submitted to the jury along with the conditional submission of guilt or innocence, might not the jury reach *an unanalytical and impressionistic verdict* as to competency *based on all they had heard?"* (Emphasis added.)

The two considerations presented here are (1) that paradoxical stances under the burden of proof on the two issues would arise and (2) that the jury might return an unanalytical and impressionistic verdict based on all the evidence.

The paradoxical stances on the burden of proof are a consideration that weighs equally, whether considering the adverse effect on the determination of competency (as in *Townsend* ) or the adverse effect on the determination of guilt in the face of the insanity defense. The adverse impact attributable to the possibility of an unanalytical, impressionistic verdict based on all the evidence, without sorting out the evidence on insanity at the time of the offense from that on present competency, is also as great on the integrity of the fact finding process for one issue as the other. Furthermore, when the two issues are incorrectly submitted under the same standard (as was done in this case) the adverse impact of these two considerations (paradoxical stances under the burden of proof and the likelihood of an unanalytical, impressionistic determination of the issue) is increased. Similarly, the combined effect of these two considerations is greater than the sum of their effects separately: the likelihood of an unanalytical, impressionistic verdict is increased by the identity of the burden of proof, and the negative impact on the accused of the paradoxical stances on burdens of proof is heightened by the tendency toward an unanalytical, impressionistic verdict.

Although closely related, the considerations of confusion and prejudice on the part of the jury when both mental status issues are submitted in one trial are distinct from each other and from the tendency toward an unanalytical, impressionistic verdict. Prejudice may arise from proof of one issue and carry over to the other; confusion may result from the difficulty in sorting out one from the other; and the unanalytical, impressionistic verdict is the likely response on both issues from frustration in the face of a seemingly impossible task of dissipating the confusion and holding the issues separate and distinct. These considerations also exhibit a synergistic effect that is heightened even more when the same standard is (erroneously) given for both mental status issues (as was done in this case).

These various forces and their adverse effects that undermine reliability of the

determination of competency to stand trial also adversely affect the truthfinding process as to the issue of guilt. We therefore hold that due process in the determination of the issue of guilt is violated when that issue is tried jointly with the issue of competency to stand trial. Accordingly, petitioner's conviction for burglary in cause number 63974 in Criminal Judicial District Court No. 2 of Tarrant County, wherein sentence was pronounced on March 29, 1961, is set aside, and petitioner is remanded to custody to answer the indictment pending against him in said cause. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.