**John Clarence WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01319–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 9, 1999.

William C. Hodge, Houston, for appellant.

Barbara Anne Drumheller, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

The state indicted the appellant, John Clarence Walker, for murder, enhanced with a prior conviction for aggravated assault. After pleading not guilty, the appellant elected to be tried by jury. The jury found the appellant guilty of murder, and assessed punishment at life in prison. In his sole point of error, the appellant alleges that he received ineffective assistance of counsel because his attorney failed to object to testimony the appellant claims was

admitted in violation of the bailiff-witness rule, set forth in article 36.24 of the Texas Code of Criminal Procedure as well as rule 613, Texas Rules of Criminal Evidence.[1] We affirm.

### Background

On May 5, 1997, the appellant's estranged wife, Kimberly Marie Walker ("Kimberly") and her friend, Jerry Terrell ("Jerry"), the complainant, picked up Diamond Walker ("Diamond"), the minor daughter of Kimberly and the appellant, from day care and proceeded to Kimberly's apartment. Unbeknownst to them, the appellant had broken into the apartment and was hiding in a back room, awaiting their return. Shortly after the three arrived, Jerry began setting up some stereo equipment in the living room. Suddenly, the appellant began running from a back room in the apartment, wielding a knife and yelling "I'm going to kill him!" As the appellant stormed into the living room, he knocked Kimberly to the floor and lunged at Jerry with the knife, stabbing him twice. The appellant then picked up Diamond, who was sitting on the floor, and fled the apartment. Jerry died shortly thereafter from the fatal knife wounds.

During the punishment phase of the trial, the state called as a witness Deputy David Clingan, who had been serving as the bailiff throughout the appellant's trial. Deputy Clingan testified that during a lunch break, the appellant told him that once he was out of prison, he would have to "take care of some salt." The bailiff, testifying very briefly, stated that he interpreted this statement to be a threat against "white people." The appellant now complains that because his trial counsel failed to object to the bailiff's testimony as being in violation of article 36.24, Texas Code of Criminal Procedure and rule 613, Texas Rules of Criminal Evidence, he re-

ceived ineffective assistance of counsel during the punishment phase of the trial.

### Standard of Review

■ Prior to the Court of Criminal Appeals' opinion in *Hernandez v. State*, 988 S.W.2d 770 (Tex.Crim.App.1999), we applied a different standard of review to claims of ineffective assistance during the punishment phase than we applied to claims of ineffective assistance during the pretrial and guilt phase. We now apply a single standard of review for ineffective assistance of counsel during the entire trial process. *See id.* at 772–74. That standard is the two-step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under *Strickland*, the appellant must first demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. 466 U.S. at 688, 104 S.Ct. 2052. Counsel's competence is presumed, and the appellant must rebut this presumption by identifying the acts or omissions of counsel that are alleged as ineffective assistance, and then must affirmatively prove that such acts and omissions fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S.Ct. 2052. In addition, the appellant is required to show prejudice from the deficient performance of his attorney. *See Hernandez*, 988 S.W.2d at 772. To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466

---

1. Since the time of trial, the Texas Rules of Civil Evidence and the Texas Rules of Criminal Evidence have been combined into the Texas Rules of Evidence. Under these new rules, former rule 613 of the Texas Rules of

Criminal Evidence is now rule 614. For purposes of this appeal, however, we will refer to rule 613 of the Texas Rules of Criminal Evidence because that was the rule in effect at the time of trial.

U.S. at 694, 104 S.Ct. 2052. In making this showing, the appellant must demonstrate by a preponderance of the evidence that a reasonable probability exists that the deficient performance is sufficient to undermine confidence in the outcome. *See id.*

### Rule 613, Texas Rules of Criminal Evidence

 The record reflects that the appellant invoked rule 613 of the Texas Rules of Criminal Evidence, commonly referred to as "the rule," prior to the time Deputy Clingan testified. The rule basically provides that, at the request of a party or on its own motion, the court shall exclude witnesses so that they cannot hear the testimony of other witnesses. *See* Tex. R.Crim. Evid. 613. The appellant asserts that his counsel was ineffective for failing to object to Deputy Clingan's testimony on the grounds that it violated the rule. We disagree.

 Enforcement of the rule is within the discretion of the trial court. *See Cooper v. State,* 578 S.W.2d 401 (Tex.Crim. App.1979). The trial court's decision to allow a witness to testify in violation of the rule will not be reversed unless the appellant shows an abuse of discretion. *See Brown v. State,* 523 S.W.2d 238 (Tex.Crim. App.1975). When considering whether a trial court abused its discretion, we must initially determine what kind of witness was involved. *See Guerra v. State,* 771 S.W.2d 453, 476 (Tex.Crim.App.1988). "If the witness was one who had no connection with either the State's case-in-chief or the defendant's case-in-chief and who, because of a lack of personal knowledge regarding the offense, was not likely to be called as a witness, no abuse of discretion can be shown." *Id.*

Deputy Clingan had no personal knowledge of the appellant's offense and was not intended to be a witness prior to the punishment phase of the trial. Deputy Clingan became a witness only after the appellant made the statement that was the subject of the deputy's testimony. Based on these facts, we cannot say that the trial court would have abused its discretion in allowing Deputy Clingan to testify even if the appellant's counsel had objected. Therefore, we find that appellant's counsel did not render ineffective assistance in failing to object to Deputy Clingan's testimony on the grounds that it violated "the rule."

### The Bailiff–Witness Rule

 The Texas Code of Criminal Procedure provides that if a person is to be called as a witness in a case, that person may not serve as bailiff. *See* Tex.Code Crim. Proc. Ann. art. 36.24 (Vernon 1981). When a bailiff does testify, however, reversal is not automatically mandated; instead, we must determine whether there has been a showing of harm or prejudice as a result of the bailiff's dual role. *See Criado v. State,* 438 S.W.2d 557, 560 (Tex.Crim. App.1968); *Reed v. State,* 974 S.W.2d 838, 840 (Tex.App.—San Antonio 1998, pet. ref'd). In doing so, we examine the facts of each case to determine what, if any, impact the bailiff's testimony had on the jury. *See Criado,* 438 S.W.2d at 559 (citing *Crawford v. Beto,* 385 F.2d 156, 157 (5th Cir.1967)). Important factors to consider in making this determination are both the extent of the bailiff's association with the jury and the importance of the bailiff's testimony. *See Ex parte Halford,* 536 S.W.2d 230, 233 (Tex.Crim.App.1976) (reversing a conviction because the bailiff testified against the defendant and also had close contact with the jury for five days as their bailiff); *Onofre v. State,* 836 S.W.2d 807, 811 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Even where the bailiff was a key witness for the state, if the jury contact is minimal and the jury was not in a position of ascribing extra credibility to the testifying bailiff because of his assistance to them, there is no grounds for reversal. *See Reed,* 974 S.W.2d at 840; *see also Silva v. State,* 499 S.W.2d 147, 151 (Tex.Crim.App.1973) (find-

ing that contact by a bailiff witness who brought jurors coffee during deliberation was insignificant and did not demonstrate harm).

Here, the appellant has failed to demonstrate either of the *Halford* factors discussed. First, the record is devoid of any evidence that the bailiff (Deputy Clingan) had *any* contact with the jurors. Second, the bailiff's testimony was brief and limited to what the appellant said to him during a lunch break. On cross-examination, the bailiff admitted that he could have misinterpreted what the appellant said. After reviewing the record and considering the totality of the representation, we cannot say that counsel's failure to object to the bailiff testifying at trial, resulting in the admission of the bailiff's testimony, falls below an objective standard of reasonableness. Considering the nature and brevity of the testimony and the lack of any evidence that the bailiff had any significant contact with the jury, it is not likely that counsel's failure to object to the testimony (and the resulting admission of it) had any significant impact. Furthermore, we see nothing in this record to suggest that the appellant suffered any prejudice or harm sufficient to undermine confidence in the outcome of the trial, or that the outcome of the proceeding would have been different had his trial counsel objected at the time the bailiff was called to testify. The appellant's sole point of error is overruled.

The judgment is affirmed.