Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01057-CR

____________

 

JOHN CLARENCE
WALKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District
Court 

Harris County,
Texas

Trial Court Cause No.
766,671

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings three issues challenging the
constitutionality of the proceedings and the sufficiency of the evidence to
support the trial court=s findings.  Because all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm.

 








Background

On August 11, 2003, appellant filed a
post-conviction motion for DNA testing requesting testing of all biological
material in the State=s possession from his 1997 trial and
conviction for murder.[1]  The trial court appointed counsel to
represent appellant.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2004).  The State
responded to appellant=s motion and provided affidavits and
supporting documentation concerning the condition of the evidence.  The trial court made findings that appellant
failed to establish that identity was or is an issue in this case or that a
reasonable probability exists that he would not have been prosecuted or convicted
if exculpatory DNA results were obtained. 
See Act of April 5, 2001, 77th
Leg. R.S., ch. 2, ' 2, 2001 Tex. Gen. Laws 2 (amended 2003)
(current version at Tex. Code Crim.
Proc. Ann. arts. 64.03(a)(1)(B), 64.03(a)(2)(A) (Vernon Supp.
2004)).  Accordingly, the court denied
testing by written order containing its findings and conclusions signed August
27, 2003.  Appellant filed a timely,
written notice of appeal.  

Standard of Review and Applicable Law

We review a trial court=s decision to deny
a motion for post-conviction DNA testing under a bifurcated standard of review.
 Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  Accordingly, we
afford almost total deference to the trial court=s determination of
issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA testing may be
ordered, certain criteria set forth in the statute must be established:








(a) 
A convicting court may order forensic DNA testing under this chapter
only if:

(1) the court finds that:

(A) the evidence:

(I) still exists and is in a
condition making DNA testing possible;  and

(ii) has been subjected to a chain
of custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect;  and

(B) identity was or is an issue in
the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; 
and

(B) the request for the proposed
DNA testing is not made to unreasonably delay the execution of sentence or
administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001 Tex. Gen.
Laws 2 (amended 2003) (current version at
Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004)).[2]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Appellant=s Issues

In his first two issues, appellant argues the trial court
violated his constitutional rights under the Sixth and Fourteenth Amendments of
the U.S. Constitution and Article I, Section 10 of the Texas Constitution by
(1) conducting a final hearing on the motion without his presence, and (2)
denying him the opportunity to confront and cross-examine witnesses.  








The First Court of Appeals considered the same issues in Cravin
v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d), and held them to be without
merit.  We have followed the reasoning of
our sister court in addressing these issues. 
See Nunez v. State, No. 14-02-00684-CR (Tex. App.CHouston [14th Dist.] June 12, 2003,
pet. ref=d) (not designated for publication); Calvin
v. State, No. 14-02-01204-CR (Tex. App.CHouston [14th Dist.] October 9, 2003,
pet. filed) (not designated for publication); Thompson v. State, No.
14-02-01194-CR (Tex. App.CHouston [14th Dist.] Dec. 11, 2003, pet. filed).  We hold appellant=s claims are groundless and overrule
issues one and two.

In his third issue, appellant contends the trial court erred
in denying his motion for DNA testing. 
Specifically, appellant claims that the record shows by a preponderance
of the evidence that appellant would not have been prosecuted or convicted if
exculpatory results had been obtained.  See
Tex. Code Crim. Proc. Ann. Art.
64.03(a)(2)(A).  The Texas Court of Criminal Appeals has
interpreted this part of the statute Ato mean a reasonable probability
exits that exculpatory DNA tests will prove a convicted person=s innocence.@ 
Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002).  








In this case, appellant sought testing of his estranged wife=s clothes, claiming that the presence
of the victim=s blood on them would prove his
innocence.  The evidence at trial was
undisputed that both appellant and his estranged wife were present when the
murder occurred.  In addition, the wife
testified she attempted to revive the victim. 
Therefore, the absence or presence of the victim=s blood on the wife=s clothing would not prove appellant=s innocence.  Evidence of blood on the wife=s clothing could Amerely muddy the waters.@ 
See Kutzner, 75 S.W.3d at 439 (recognizing the Act=s legislative history shows it
was  meant to Aensure that a favorable [DNA] test
would show that an inmate is innocent, not merely muddy the waters in the case@). 
The trial court did not err in denying DNA testing because appellant
failed to prove, by a preponderance of the evidence, that a reasonable
probability exists that he would not have been prosecuted or convicted if
exculpatory DNA results had been obtained. 
We overrule appellant=s third issue.

Furthermore, there is an additional reason
why the trial court did not err in denying DNA testing.  The convicting court must find that Aidentity is or was
an issue in the case.@  Tex. Code Crim. Proc. Ann. Art.
64.03(a)(1)(B) (Vernon Supp. 2004). 
Identity must be in question without considering the possible results of
DNA testing.  See Bell v. State,
90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (AChapter 64
requires that identity >was or is= an issue, not
that future DNA testing could raise the issue.@)  On appeal, appellant does not challenge the
trial court=s finding that identity was not and is not
an issue in this case.  That finding
alone is a sufficient basis for the trial court to deny DNA testing.  See Bell, 90 S.W.3d at 306 (holding
trial court is not required to grant request for DNA testing unless statutory
preconditions are met).  

Accordingly, the judgment of the trial
court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed March 16, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]  This court
affirmed appellant=s conviction on direct appeal.  See Walker v. State, 2 S.W.3d 655
(Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  





[2]  The 2003
amendment to article 64.03(a)(2)(A) applies to motions filed on or after
September 1, 2003, and is inapplicable here. 
All further references will be to the version in effect at the time
appellant=s motion was filed.