

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-63,871-03

**EX PARTE TIMOTHY RANDAL THOMPSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 0764908-B IN CRIMINAL DISTRICT COURT NO. 2
## FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to twenty-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Thompson v. State*, No. 02-01-00202-CR (Tex. App—Fort Worth Mar. 21, 2002) (not designated for publication).

In a supplemental ground, Applicant contends that the State presented false testimony that no bullet holes or bullets were found at the scene of the murder.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Weinstein*, 421

S.W.3d 656, 665 (Tex. Crim. App. 2014); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the State presented false testimony and, if so, it was material. *Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). The trial court shall also make findings and conclusions as to whether Applicant's supplemental ground is barred by the doctrine of laches. In doing so, the trial court shall give Applicant the opportunity to respond and explain his delay. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 25, 2016
Do not publish