

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-75,347-27

### EX PARTE DONN DEVERAL MARTIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1017612-C IN THE 372ND DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. The Second Court of Appeals affirmed his conviction. *Martin v. State*, No. 02-07-00308-CR (Tex. App.—Fort Worth Nov. 6, 2008) (not designated for publication).

Applicant contends, among other things, that the State's expert presented false testimony and relied on "junk science" at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Weinstein*, 421

S.W.3d 656 (Tex. Crim. App. 2014); TEX. CODE CRIM. PROC. art. 11.073. The trial court entered a timely order designating issues, but the record was forwarded to this Court before the trial court made findings of fact and conclusions of law. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing.[1] TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) Applicant's claims are barred by Article 11.07, § 4 of the Code of Criminal Procedure; (2) the State presented false testimony material to Applicant's conviction; and (3) Applicant is entitled to relief under Article 11.073 of the Code of Criminal Procedure. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

---

[1] It appears from the record that the trial court appointed counsel for purposes of filing a motion for DNA testing under Chapter 64 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 64.01.

Filed: December 20, 2017
Do not publish